UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CALVIN J. STONE, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) Civil No. 07-114-P-H |
| | ) |
| MAINE DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION
and
ORDER DENYING APPOINTMENT OF COUNSEL (Docket No. 7)**

Calvin J. Stone has filed a 28 U.S.C. § 2254 petition seeking federal habeas relief from

conviction in the State of Maine after he pled guilty to one count of unlawful sexual contact.

The State of Maine has responded with a motion to dismiss (Docket No. 5), arguing that this

petition is untimely.  Stone has not filed a reply to the State's motion and his time for doing so

has elapsed.[1]

As relevant to Stone's petition, 28 U.S.C. § 2244(d) provides:

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of
habeas corpus by a person in custody pursuant to the judgment of a State court.
The limitation period shall run from the latest of—
    **(A)** the date on which the judgment became final by the conclusion of
    direct review or the expiration of the time for seeking such review;
**....**
 **(2)** The time during which a properly filed application for State post-conviction
or other collateral review with respect to the pertinent judgment or claim is

---

[1]    On August 2, 2007, three days after a response to the State's motion to dismiss was due, Stone wrote to this court indicating he had received the motion to dismiss and wanting to know why an attorney had not been assigned to him.  The court did not receive a motion to appoint an attorney with the original petition filed by Stone, but if it had, the motion would have been denied because there is no automatic right to a court appointed attorney in a federal habeas proceeding.  Rule 8(c) of the Rules Governing Section 2254 Cases governs the issue of appointment of counsel.  None of the reasons for appointing counsel appear in this case and the interests of justice do not require the appointment of counsel.  Stone's motion to appoint counsel, now docketed at Docket No. 7, is denied.

pending shall not be counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d).

Stone was sentenced on September 4, 2003. (Docket No. 6-2 at 4.)  The State filed a
Maine Rule of Criminal Procedure 35 motion to correct the sentence and on October 2, 2003, the
state court essentially re-imposed the same sentence, a judgment which was entered on the
docket on October 7, 2003. (Id. at 5.)   Stone neither appealed to the Maine Law Court nor filed
an application for leave to appeal the sentences.  Therefore, his judgment of conviction became
final on October 28, 2003, after his twenty-one day period for pursing further review expired. On
February 24, 2005, Stone filed a state petition for post-conviction review.   (Docket No. 6-3 at
1.) That petition was dismissed on November 7, 2006. (Id. at 2.)  On November 28, 2006, Stone
filed a notice of discretionary appeal and the Maine Law Court denied a certificate of probable
cause on February 9, 2007.  (Docket No. 6-4 at 1.)   This 28 U.S.C. § 2254 petition – which
challenges only Stone's 2003 conviction and not a subsequent revocation[2] -- was filed on June
26, 2007.

Stone's 28 U.S.C. § 2244(d)(1)(A) year for filing this § 2254 petition pertaining to his
2003 conviction began to run on October 28, 2003, and it elapsed on October 29, 2004, Stone
having filed no petition for post-conviction review in that interval. On this record there is no
question that this § 2254 petition is time-barred. Indeed, it was time-barred by the time that
Stone filed his state post-conviction petition so the § 2244(d)(2) tolling provision does not even
enter into the equation.

I deny Stone's motion to appoint counsel.  (Docket No. 7.)  Because I agree with the State

---

[2]     The State explains that Stone's probation was revoked on May 23, 2007, but that none of his 28 U.S.C.
§ 2254 grounds pertain to that proceeding.  It further notes that Stone has not taken any steps towards pursuing a

of Maine that Stone's petition is untimely under 28 U.S.C. § 2244(d), I recommend that the Court

**DENY** Stone 28 U.S.C. § 2254 relief.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 6, 2007.                                             /s/Margaret J. Kravchuk
                                                          U.S. Magistrate Judge

---

discretionary appeal of that determination and so has not exhausted those claims in the state courts.